IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30002 |
| | ) | |
| KAREN DIANE COHEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Karen Diane Cohen's sentencing hearing held February 10, 2006. Cohen was present in person and with her attorney Douglas Beevers. The Government was present by Assistant United States Attorney Gregory Harris. On October 6, 2005, following a jury trial, Cohen was found guilty of the offense of Perjury, in violation of 18 U.S.C. § 152(3), as alleged in the Indictment (d/e 1).

The United States Probation Office prepared a Revised Presentence Report (PSR), dated January 27, 2006. At the sentencing hearing, Cohen objected to: (1) the three-level enhancement for substantial interference

1

with the administration of justice under U.S.S.G. § 2J1.3(b)(2) and (2) the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. For reasons stated of record, the Court found that the three-level enhancement for substantial interference was appropriate because Bankruptcy Judge Lessen testified at the criminal trial that he relied on Defendant Cohen's false testimony at the bankruptcy proceeding in reaching a decision that he would not have reached had he learned the true facts. The Court, however, found that the two-level enhancement for obstruction of justice was not appropriate under the circumstances, because it would punish Defendant Cohen for testifying and for faulty memory.

Defendant Cohen had no other objections to the PSR. The Court, therefore, adopted the remainder of the findings of the PSR as its own. Accordingly, Cohen had a base offense level of 12 under U.S.S.G. § 2J1.1(3)(a). Cohen's offense level was increased by 3 levels under U.S.S.G. § 2J1.3(b)(2), resulting in a final offense level of 15. Cohen had 2 criminal history points, which placed her in category II. The resulting Guideline sentencing range was 21 to 27 months, in Zone D of the Guideline range. The Court rejected Cohen's argument for a sentence below the Guideline range. Cohen argued that her criminal history substantially over-

represented the seriousness of her criminal conduct. The Court indicated that Cohen's argument was not persuasive because: (1) there was no evidence that the Government manipulated the filing date in order to enhance Cohen's criminal history; (2) there was an explanation for the time interval that it took for the Government to bring the charge; and (3) the charge was clearly within the statute of limitations period. The Court recognized that, after the Supreme Court decision in <u>United States v. Booker</u>, the Guidelines are no longer binding on the Court. <u>Booker</u>, 125 S.Ct. 738 (2005). However, they remain a factor for the Court to consider in sentencing. <u>United States v. Williams</u>, 410 F.3d 397 (7th Cir. 2005).

THEREFORE, after considering the case file, including the PSR, the statements of counsel, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Cohen to 22 months imprisonment. Cohen was ordered to pay a $100.00 special assessment, which is due immediately. After her release from prison, Cohen was ordered to serve a term of three years of supervised release. The Court allowed Defendant Cohen's oral motion to self-report. Cohen was ordered to report to the prison to which she is assigned on April 4, 2006, at 12:00 p.m. The Court then advised Cohen of her appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: February 14, 2006.

FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE